UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEMON NORVIL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-409 |
| | § | |
| | § | |
| DUPONT POWDER COATINGS USA, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM AND ORDER**

Before the court is plaintiff Hemon Norvil's motion to remand. Dkt. 7. After considering the motion, response, and applicable law, the plaintiff's motion to remand is **DENIED**.

**BACKGROUND**

This is an employment discrimination case under Chapter 21 of the Texas Labor Code, § 21.001 *et seq*. Dkt. 1, Ex. 3. Plaintiff Hemon Norvil ("Norvil") filed this action in state court against his former employer, defendant DuPont Powder Coatings USA, Inc. ("DuPont"), asserting that DuPont discriminated against Norvil on the basis of his race, color, and national origin, and retaliated against him for reporting the discrimination. Dkt. 1, Ex. 3.

Norvil, a Haitian male, worked for DuPont as a production line operator. *Id.* In 2003, Norvil's supervisor was replaced with a Hispanic male. *Id.* Norvil contends that after the replacement, his new supervisor gave him heavier work loads than Norvil's Hispanic coworkers and required Norvil to complete the unfinished work of the Hispanic employees. *Id.* Over the course of his employment, Norvil's supervisor and other Hispanic employees allegedly subjected Norvil to racial epithets. *Id.* Norvil further alleges that he was denied bonuses and pay raises which Hispanic

employees of equal status received. *Id.* Norvil further contends he complained to the manager, Romiro H. Mora, a Hispanic, about the alleged discrimination. *Id.* But, according to Norvil, Mora seemed unconcerned and took no action. *Id.* In fact, Norvil alleges that following his complaint to the Human Resources Manager, Mora physically pushed Norvil while Norvil was driving a pallet lift. *Id.* According to Norvil, he sustained injuries to his shoulders which rendered him unable to do strenuous work. *Id.* Norvil argues that although DuPont instructed Norvil to return to work when his shoulder healed, DuPont constructively discharged him. *Id.*

DuPont removed the case to federal court on the basis of diversity of citizenship and an amount in controversy in excess of $75,000, pursuant to 28 U.S.C. §§ 1332 and 1441. Norvil asserts that the federal court lacks jurisdiction because the amount in controversy is less than the statutory requirement. Dkt. 7. DuPont responds that it is "facially apparent" from the original petition that the amount in controversy exceeds $75,000, even though Norvil does not state a specific amount. Dkt. 13 at 4. On March 3, 2010, Norvil filed a motion to remand arguing that DuPont has not met its burden to demonstrate that the amount in controversy exceeds the jurisdictional amount of $75,000. *Id.*

## ANALYSIS

A suit between diverse parties may be heard in federal court only if the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.2d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). When the plaintiff's complaint fails to allege a specific amount of damages,[1] the party invoking federal jurisdiction has the burden to prove by a preponderance of the

---

[1] Under Texas law, Rule 47 of the Texas Rules of Civil Procedure precludes a plaintiff from pleading a specific amount when damages are unliquidated.

evidence that the amount exceeds $75,000. *Greenberg*, 134 F.3d at 1253. This burden may be fulfilled in one of two ways. First, jurisdiction is proper if "it is facially apparent" from the complaint that the plaintiff's claims are "likely above [$75,000]." *Garcia*, 351 F.3d at 639 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If, however, the value is not apparent, the defendant may use the second method and "support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." *Id.*

In the present case, Norvil asserts claims for unspecified damages for front and back pay, compensatory damages, exemplary damages, special and nominal damages, punitive damages, and attorney's fees. Dkt. 1, Ex. 3 at 5. Although Norvil argues front pay accruing in the future cannot be considered in determining the amount in controversy, courts have included continuing and future damages in the amount in controversy. *See White*, 319 F.3d at 676 (affirming district court's conclusion that amount in controversy requirement was met even though plaintiff indicated she was seeking continuing and future damages); *Lee v. Dollar Tree Stores, Inc.*, No. H-07-CV-955, 2007 WL 1481075, at *3 (S.D. Tex. May 21, 2007) (Werlein, J.) (concluding plaintiff's "claims for lost wages, for front pay, for attorneys' fees, and for punitive damages, establish the likelihood that the total amount in controversy in the aggregate is in excess of $75,000").

DuPont has the burden to prove by a preponderance of the evidence[2] that damages sought by Norvil meet the jurisdictional amount. *Allen*, 63 F.3d at 1336 (holding that the removing defendant must prove by a preponderance of the evidence). In its brief, DuPont argues that it is apparent on

---

[2] The Fifth Circuit does not impose the "legal certainty" test when a plaintiff pleads unspecified damages. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The legal certainty test provides that "if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was *legally certain* not to be able to recover that amount." *Id.* at n. 14 (emphasis added).

the face of the original petition that the several categories of damages Norvil seeks create an amount in controversy well over $75,000. Dkt. 13. Norvil alleges that DuPont subjected him to racial epithets and unfair employment practices, and that after Norvil complained to Human Resources of the treatment, DuPont retaliated and constructively discharged him. Dkt. 1, Ex. 3.

DuPont provides evidence that Norvil's back pay alone would amount to at least $43,000[3] from the date of his termination which occurred in 2008. Dkt. 13 at 6. In addition, the serious misconduct alleged above, if proven, may entitle Norvil to punitive damages. *St. Paul Reinsurance Co.*, 134 F.3d at 1253 & n. 7 (considering the requested punitive damages in considering whether diversity jurisdiction is proper). Although DuPont does not state how many employees it has, DuPont's brief indicates the number of employee exceeds 501. Dkt. 13 at 4. If the number of DuPont's employees does in fact exceed 501, Norvil could be entitled to $300,000 in compensatory and punitive damages—an amount well above the jurisdictional minimum. TEX. LAB. CODE § 21.2585(d)(4). Even if DuPont has fewer than 101 employees, Norvil could recover up to a maximum of $50,000. *Id.* § 21.2585(d)(1). When combined with the lowest cap of $50,000 as provided by the Texas Labor Code and the estimated $43,000 for back pay, the total would amount to $93,000. Furthermore, recovery for attorney's fees may also be considered as a component of Norvil's damages. *H & D Tire & Auto.-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) (providing for attorney's fees).

The preponderance of the evidence indicates that it is "facially apparent" that Norvil's claims for front pay and back pay, exemplary damages, special and nominal fees, compensatory damages,

---

[3] According to the Payroll Records for Norvil, Norvil earned approximately $10.75 per hour for regular time, and $16.18 per hour for overtime. *See* Dkt. 13-2. DuPont explains that, assuming Norvil consistently worked at least forty hours per week, and without any overtime pay, Norvil would earn approximately $21,500 for a fifty-two week per year schedule. Dkt. 13 at 6-7. Two years have passed since Norvil's discharge in 2008 which would potentially result in $43,000 for back pay damages. *Id.*

attorney's fees, and punitive damages, "more likely than not" meet the jurisdictional minimum. *Allen*, 63 F.3d at 1336 (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount). Accordingly, based on the allegations in the original petition and additional evidence of back pay provided by DuPont, the court concludes that the total amount in controversy in the aggregate exceeds $75,000.  *See Lee*, 2007 WL 1481075, at *3.

## CONCLUSION

After reviewing the record and the applicable law, DuPont has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. For the foregoing reasons, the motion to remand is **DENIED**.

It is so ORDERED.

Signed at Houston, Texas on April 20, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY